J-S60010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEE A. HORTON, | |
| Appellant | No. 3237 EDA 2014 |

Appeal from the PCRA Order October 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0731772-1993

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 17, 2015**

Lee A. Horton appeals *pro se* from the order entered October 16, 2014, dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  We affirm.

In May 1993, along with two, armed co-conspirators, Appellant robbed the patrons of Filito's bar in Philadelphia.  During the robbery, Appellant shot three individuals, one of whom died.  In September 1994, a jury convicted Appellant of second-degree murder, three counts of robbery, four counts of aggravated assault, conspiracy, and possession of an instrument of crime.  In March 1995, Appellant was sentenced to life imprisonment for second-degree murder, and to an aggregate, consecutive term of 18½-61 years' incarceration for the remaining offenses.  This Court affirmed the judgment of sentence on March 20, 1996.  ***Commonwealth v. Horton***, 678 A.2d 828

(Pa. Super. 1996) (unpublished memorandum). Appellant did not file a petition for allowance of appeal.

In October 1996, Appellant filed his first petition for collateral relief. The PCRA court dismissed the petition in June 1997. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. ***Commonwealth v. Horton***, 736 A.2d 9 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 738 A.2d 455 (Pa. 1999).

Appellant filed a second PCRA petition in January 2006. In September 2010, the PCRA court dismissed that petition as untimely. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. ***Commonwealth v. Horton***, 48 A.3d 479 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 60 A.3d 535 (Pa. 2012).

In November 2012, Appellant *pro se* filed the instant PCRA petition, his third. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition in March 2014. Appellant *pro se* filed a timely response thereto, as well as an amended petition for collateral relief. ***See*** Amended Petition, 04/22/2014. In October 2014, the PCRA court dismissed Appellant's petition as untimely.

Appellant *pro se* appealed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement but issued a memorandum opinion explaining its decision.

Appellant raises the following issues, restated for clarity:

1. Whether the PCRA court erred by dismissing his newly-discovered **Brady**[1] claims as untimely;

2. Whether the PCRA court erred by dismissing the **Brady** claims without first conducting an evidentiary hearing;

3. Whether Appellant is entitled to a new trial, or further proceedings on the merits, because the Commonwealth failed to disclose exculpatory and impeachment evidence in violation of Appellant's due process rights; and

4. Whether the PCRA court erred by finding that his **Melendez-Diaz**[2] claim did not satisfy an exception to the PCRA's time-bar.

**See** Appellant's Brief at 2.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of

---

[1] **See Brady v. Maryland**, 373 U.S. 83 (1963). In **Brady**, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Id**. at 87.

[2] **Melendez-Diaz v. Massachusetts**, 557 U.S. 305 (2009). In **Melendez-Diaz**, the Supreme Court determined that the admission at trial of the results of forensic analysis performed on seized substances violated the Sixth Amendment's confrontation clause, where the results were admitted without the testimony of the analyst who conducted the tests, and where there was no showing that: 1) the analyst was unavailable to testify and 2) the defendant had a prior opportunity to cross-examine the analyst. **Id**. at 311.

record and free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. ***See*** PCRA Court Order, 10/16/2014, at 1 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

Preliminarily, however, we must address the timeliness of Appellant's petition, as it implicates our jurisdiction. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. ***Id.*** There are three statutory exceptions:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with

the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant does not dispute that his petition is untimely; rather, Appellant acknowledges that he must avail himself of one of the exceptions set forth in section 9545(b)(1)(i)-(iii) in order for this Court to have jurisdiction to reach the merits of his claims.[3]

Relevant to his first three issues, Appellant contends that the Commonwealth failed to disclose certain exculpatory evidence: (1) a police document entitled, "Complaint Fact Record," and (2) an internal affairs

_____

[3] Appellant's current petition is patently untimely. His judgment of sentence became final on Friday, April 19, 1996, upon expiration of the thirty-day period to petition the Supreme Court of Pennsylvania for *allocator*. **See** Pa.R.A.P. 1113(a). Thus, Appellant had until Monday, April 21, 1997, to timely file a PCRA petition. Appellant filed his current petition on November 2, 2012.

investigation involving an officer associated with his case, Officer Sharon Brambrinck. *See* Amended Petition, Exhibits "A" & "B." Appellant asserts that these documents were withheld from him by the Commonwealth in a manner that constitutes governmental interference as provided in section 9545(b)(1)(i) and that the documents constitute after-discovered facts that satisfy section 9545(b)(1)(ii).

We disagree. A *Brady* claim may fall within the governmental interference exception. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). However,

> the petitioner must plead and prove [1] the failure to previously raise the claim was the result of interference by government officials, and [2] the information could not have been obtained earlier with the exercise of due diligence.

*Id.*; *see also Commonwealth v. Chester*, 895 A.2d 520, 523-24 (Pa. 2006).

Here, the documents were matters of public record. Appellant cannot establish that the Commonwealth had exclusive control over the purportedly exculpatory evidence or that the Commonwealth denied him access to this evidence. *See Chester*, 895 A.2d at 524. Accordingly, the governmental interference exception set forth in Section 9545(b)(1)(i) is inapplicable.

Moreover, "publicly available information cannot predicate a timeliness exception, beyond the 60-day grace period defined in Section 9545(b)(2)," absent limited exceptions not relevant here. *Commonwealth v. Burton*, 2015 PA Super 176, --- A.3d ---, at *6 (Pa. Super. 2015) (citing

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013)). The documents cited by Appellant have long been publicly available. For example, the document entitled, "Complaint Fact Record," appears to be the initial criminal complaint in this matter and is dated May 31, 1993. *See* Amended Petition, Exhibit "A," at 1. Similarly, Appellant also submits a memorandum opinion filed in federal court in November 1994, disposing of a class action brought under 42 U.S.C. § 1983. *See* Amended Petition, Exhibit "B," at 1.[4] Appellant offers no persuasive explanation why these documents could not have been discovered, with due diligence, long before he filed this petition in November 2012. Accordingly, these documents do not satisfy the after-discovered facts exception provided in Section 9545(b)(1)(ii).

In his fourth issue, Appellant contends that he is entitled to a new trial because the Supreme Court of the United States has newly recognized a constitutional right enabling a criminal defendant to confront a forensic analyst whose lab report is admitted to establish guilt, citing in support *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). Thus, according to Appellant, his petition satisfies the exception provided in Section 9545(b)(1)(iii).

---

[4] According to Appellant, this civil case led to his discovery that Officer Sharon Brambrinck had been under investigation by police internal affairs for possible criminal activity. *See* Appellant's Brief at 11.

The PCRA statute requires that a newly-recognized, constitutional right be further recognized to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. ***Commonwealth v. Brandon***, 51 A.3d 231, 236 (Pa. Super. 2010) (discussing Section 9545(b)(1)(iii)). However, "the U.S. Supreme Court has directed lower courts to apply ***Melendez-Diaz*** to cases pending final review on direct, but not collateral, appeal." ***Id.*** at 236 n.7 (citing ***Commonwealth v. Leggett,*** 16 A.3d 1144, 1147 n.8 (Pa. Super. 2011)). Accordingly, Appellant's claim is without merit.

In summary, Appellant's petition was patently untimely, and he failed to establish an exception to the timeliness requirements of the PCRA. Accordingly, the PCRA court did not have jurisdiction to review the merits of Appellant's claims and properly dismissed his petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/17/2015</u>